IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:06CR3016 |
| | ) | |
| Plaintiff, | ) | MEMORANDUM AND ORDER ON |
| | ) | DEFENDANT'S MOTION TO |
| v. | ) | WITHDRAW HIS MOTION TO VACATE, |
| | ) | SET ASIDE OR CORRECT SENTENCE |
| ARMANDO GARCIA-DELACRUZ, | ) | PURSUANT TO 28 U.S.C. § 2255 |
| | ) | |
| Defendant. | ) | |
| | ) | |

On March 17, 2008, I received in my chambers a set of letters from the defendant, Armando Garcia-Delacruz. In the first of these letters, which is addressed to me, the defendant asks that I review his motion to suppress evidence, alleges that his counsel provided ineffective assistance at the suppression hearing, and requests an appointment of counsel. (See filing 154 at 1-3.) In essence, the second, third, and fourth letters, which are addressed to various other judges and to the defendant's counsel, repeat these requests and allegations. (See id. at 4-7.) These letters were construed to be a motion under 28 U.S.C. § 2255, and they have been filed as such. (See generally filing 154.) On March 18, 2008, I ordered that the United States would be permitted to file a response to these letters on or before April 25, 2008. (See filing 155.) On April 11, 2008, the United States filed an answer to the plaintiff's § 2255 motion, along with a motion for summary judgment. (See filings 157-159.)

On April 22, 2008, United States Magistrate Judge David L. Piester, who was named as the addressee in one of the letters that was delivered to my chambers, filed a memorandum and order stating, in part, as follows.

> Defendant has mailed to the chambers of the undersigned a number of documents similar to those which had previously been filed in this case as a petition pursuant to 28 U.S.C. § 2255. Filing 154. I shall have the documents filed. . . .

1

> . . . .
>
> . . . The clerk shall send to the defendant a copy of this memorandum and order.

(Filing 161.) The documents referred to in Judge Piester's memorandum and order were filed on April 22, 2008. (See filing 160.)

On May 8, 2008, I received in my chambers another document from the defendant. Unlike the defendant's letters, this document bears a caption and is styled as a motion to "withdraw . . . letters perceive[d] to be [§] 2255." (See filing 162.) The document, which was filed on May 13, 2008, states,

> I am sorry for putting this Honorable Court through a mis-understanding. I am illiterate at law and did not know my letters might be thought to be a 28 u.s.c. [§]2255[.]
>
> I ask you to kindly withdraw any paperwork you might think a [§]2255 at this time. I was unawere [sic] letters could be thought to be such.
>
> I am trying to get counsel at this time so they can assist me before the one year limitation expires.

(Filing 162.)

The United States Supreme Court and the United States Court of Appeals for the Eighth Circuit have held that "before a district court may reclassify a pro se litigant's pleading as a § 2255 motion, it must warn him of the consequences of the reclassification and allow him an opportunity to withdraw his pleading." Morales v. United States, 304 F.3d 764, 765 (8th Cir. 2002); see also Castro v. United States, 540 U.S. 375, 383 (2003) (holding that when a court recharacterizes a pro se litigant's motion as a first § 2255 motion, "the district court must notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has"). In this case, the defendant did not receive advance notice of the recharacterization of his letters as his first § 2255 motion, nor did he receive warnings of the consequences of this reclassification. Moreover, he

was not provided with an opportunity to withdraw or amend his motion. Under the circumstances, it is clear that the defendant's motion to withdraw the § 2255 motion must be granted.

**IT IS ORDERED** that:

1. The defendant's motion to withdraw the § 2255 motion, filing 162, is granted;

2. The defendant's § 2255 motion, filing 154, is withdrawn; and

3. The plaintiff's motion for summary judgment, filing 158, is denied as moot.

Dated May 14, 2008.

                BY THE COURT

                s/ Warren K. Urbom
                United States Senior District Judge