IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:06CR3016 |
| | ) | |
| v. | ) | MEMORANDUM AND ORDER ON |
| | ) | PENDING MOTIONS |
| ARMANDO GARCIA-DELACRUZ, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On May 27, 2009, the defendant filed a "Request for Appointment of Counsel." (See filing 190.) I am persuaded that counsel should be appointed to represent the defendant at this time. Therefore, this motion will be granted.

Also on May 27, 2009, the defendant filed a "Motion for Psychiatric Examination Under 18-4242." (See filing 191.) The defendant's motion was filed under seal because it includes an attachment that was previously filed–and remains–under seal. (Compare filing 191 at 3-11 with filing 169, Attach. 2 and filing 27.) In this motion, the defendant asks "for an order of psychiatric examination under [18 U.S.C. § 4242] for the determination of the existence of insanity at the time of the offense." (Filing 191 at 1.) Section 4242 provides, "Upon the filing of a notice, as provided in Rule 12.2 of the Federal Rules of Criminal Procedure, that the defendant intends to rely on the defense of insanity, the court, upon motion of the attorney for the Government, shall order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court . . . ." (Emphasis added). Federal Rule of Criminal Procedure 12.2(a) provides, in turn, as follows:

> Notice of an Insanity Defense. A defendant who intends to assert a defense of insanity at the time of the alleged offense must so notify an attorney for the government in writing within the time provided for filing a pretrial motion, or at any later time the court sets, and file a copy of the notice with the clerk. A defendant who fails to do so cannot rely on an insanity defense. The court may,

1


for good cause, allow the defendant to file the notice late, grant additional trial-preparation time, or make other appropriate orders.

(Emphasis added).

Section 4242 and Rule 12.2 describe pretrial procedures that must be followed, or are triggered, when a defendant seeks to raise the insanity defense. The time for the invocation of these procedures has clearly passed, however, and I am not persuaded that it is appropriate to "revive" them at this stage of the proceedings.

Nevertheless, a psychiatric or psychological examination of the defendant may be in order. In his pending § 2255 motion, the defendant argues that his trial counsel provided constitutionally ineffective assistance by failing to pursue an insanity defense. (See filing 169 at 6 (CM/ECF p. 5 of 14).) In order to establish that he was prejudiced by his counsel's allegedly deficient performance, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Knowles v. Mirzayance, 129 S. Ct. 1411, 1422 (2009) (quoting Strickland v. Washington, 466 U.S. 668, 694 (1984)). More specifically, the defendant "must show . . . that there is a 'reasonable probability' that he would have prevailed on his insanity defense had he pursued it." Id. Because the government has placed the defendant's ability to demonstrate prejudice squarely at issue,[1] and because the record contains evidence that the defendant has suffered from significant mental health problems,[2] I cannot say that there is no merit to the defendant's request for an assessment of his sanity at the time of his offenses. Therefore, I shall order that pages one and two of the defendant's motion for a psychiatric examination be unsealed so that the

---

[1] The government has moved for summary judgment on the defendant's claim that trial counsel performed ineffectively by failing to raise an insanity defense, and the government's motion is based solely on an argument that the defendant cannot satisfy Strickland's prejudice prong. (See filing 176 at 5-8.) Because the government has not argued that the defendant is unable to satisfy Strickland's other prong (i.e., that trial counsel's actions constituted deficient performance), the question of prejudice is of central and immediate importance.

[2] The defendant's trial sought and obtained a mental health evaluation of the defendant, (see filings 24, 25), but it appears that the scope of this evaluation was limited to an assessment of the defendant's competence to proceed to trial, (see, e.g., filings 24, 25, 27).

government may read the motion and file a response. The remaining pages of filing 191 shall remain under seal.[3] The government may file a response to the defendant's motion within ten days of the date of the unsealing of the aforementioned pages.

The defendant has also filed a "Request for Letters." (See filing 192.) The defendant's request has been sealed because it too includes an attachment that has been placed under seal. (Compare filing 192 at 2 with filing 170 at 2.) In this request, the defendant seeks a copy of an unspecified number of letters that he mailed to United States Magistrate Judge David L. Piester on or before October 27, 2006. It appears that Judge Piester considered these letters as a motion for the appointment of counsel. (See filing 170 at 9:12-15.) The motion was denied (filing 62). The letters do not appear to have been filed. If copies of these letters can be located, they will be provided to the defendant.

The defendant has filed two motions for additional time to respond to the government's motion for summary judgment. (See filings 179, 189.) Although the defendant has already filed a number of documents in response to the motion for summary judgment, it seems to me that he ought to be given additional time to incorporate new information into his response. In particular, his request for letters and his motion for a psychiatric examination ought to be resolved before his opportunity to respond to the summary judgment motion expires.

**IT IS ORDERED** that:

1. the defendant's request for an appointment of counsel, filing 190, is granted;

2. the Federal Public Defender for the District of Nebraska is appointed to represent the above-named defendant in this matter. In the event that the Federal Public Defender accepts this appointment the Federal Public Defender shall forthwith file a written appearance in this matter. In the event the Federal Public Defender should decline this appointment for reason of conflict or on the basis of the Criminal Justice Act Plan, the Federal Public Defender shall forthwith provide the court with a draft appointment order (CJA Form 20) bearing the name and other identifying information of the CJA Panel attorney identified in accordance with the Criminal Justice Act Plan for this district;

---

[3]I have ordered previously that the government be given a copy of the document that appears on these sealed pages. (See filings 173 and 177.)

3. pages one and two of the defendant's "Motion for Psychiatric Examination Under 18-4242," filing 191, shall be unsealed; the remaining pages of filing 191 shall remain under seal; and the government may file a response to the defendant's motion for a psychiatric examination within ten days from the date of the unsealing of pages one and two of filing 191;

4. the defendant's request for letters, filing 192, is granted, and Magistrate Judge Piester shall copy and send to the defendant Armando Garcia De La Cruz, No. 20179047 at the Federal Correctional Institution, P.O. Box 3007 San Pedro, CA 90731, a copy of all letters referenced in Filing 170, 2:11-15 and referenced to in the letter from Magistrate Judge David L. Piester to Michael D. Nelson of October 17, 2006; and

5. the requests for additional time made in filings 179 and 189 are granted, and the defendant shall be given an opportunity to supplement his response to the defendant's motion for summary judgment after his motion for a psychiatric examination and request for letters have been resolved.

Dated June 16, 2009.

                BY THE COURT

                s/ Warren K. Urbom
                United States Senior District Judge