IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:06CR3016 |
| | ) | |
| v. | ) | |
| | ) | |
| ARMANDO GARCIA-DELACRUZ, | ) | MEMORANDUM AND ORDER |
| | ) | REGARDING DEFENDANT'S MOTION |
| Defendants. | ) | FOR A PSYCHIATRIC EXAMINATION |
| | ) | |

On July 19, 2010, a meeting was held by counsel for the defendant and counsel for the plaintiff with me regarding the defendant's motion for a psychiatric examination, filing 191. The purpose of the meeting was to see what could be done to move that motion to completion. In accordance with our discussion,

IT IS ORDERED that:

1. the defendant's counsel shall seek to learn from an expert witness, presumably but not necessarily a psychiatrist, whether it is possible to form a reasonably reliable expert opinion of whether, during all the time of the existence of the conspiracy of which the defendant has been convicted, the defendant was either insane or suffered from diminished capacity within the meaning of § 5K2.13 of the Sentencing Guidelines;

2. if the answer to paragraph 1 is "yes," then (a) the defendant's counsel shall learn what it would take by way of information to enable the expert to develop such an opinion and what would be the expected fee, and (b) the plaintiff's counsel and the defendant's counsel shall determine whether arrangement can be made to take a deposition by video conference of Armando Garcia-Delacruz for the purpose of gathering any facts known to the defendant that may tend to show signs of insanity or such diminished capacity during the life of the conspiracy of which the defendant has been convicted;

3. regardless of whether the answer to paragraph 1 is "yes," or "no," the information obtained from (a) and (b) shall be sent to me and the plaintiff's counsel, from which I shall decide whether to authorize the defendant's counsel to engage such an expert and whether to authorize the taking of a deposition taken by video conference of the defendant;

4.  the actions set out in paragraphs 1, 2 and 3 of this Memorandum and Order shall be completed and the results provided to me on or before August 23, 2010, or at such later time as may be approved by me upon a motion for an extension of time; and

5.  if counsel for the defendant, after completion of the matters that are the subject of paragraphs 1, 2, 3, and 4, shall determine that in her professional judgment the motion for psychiatric examination, filing 191, should be pursued on behalf of the defendant, she shall submit to me a proposed order granting the defendant's motion for psychiatric examination (*see* NECrimR.12.2) in the manner set out in my Memorandum and Order on Defendant's Motion for Psychiatric Examination, filing 199. Otherwise, counsel for the defendant shall suggest to me some other desired procedure, or submit to me the defendant's motion for psychiatric examination for resolution, or withdraw the defendant's motion for psychiatric examination, all on or before August 23, 2010.

Dated July 26, 2010.

                                                      BY THE COURT

                                                      s/ Warren K. Urbom
                                                      United States Senior District Judge