IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:06CR3016 |
| | ) | |
| v. | ) | |
| | ) | |
| ARMANDO GARCIA-DELACRUZ, | ) | SCHEDULING ORDER |
| | ) | |
| Defendants. | ) | |
| | ) | |

On February 11, 2009, the defendant, Armando Garcia-Delacruz, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (See filing 169.) On March 30, 2009, the government responded to the defendant's motion by filing an answer (see filing 174) and a motion for summary judgment (see filing 175). Thereafter, the defendant filed a number of documents, including the following: "Stipulation No. 4" (filing 178, April 23, 2009); "Motion in Support of Ineffective Assistance of Counsel and Request for a Rehearing to a Motion for Substitute Counsel" (filing 180, April 23, 2009); "Brief in Support of Wrongly Denied Appointment of Substitute Counsel" (filing 181, April 23, 2009); "Brief in Support of Defendant's Motion for Rehearing Motion to Suppress Evidence and Request for Evidentiary Hearing" (filing 182, April 23, 2009); "Brief in Support of Defendant's Motion for Rehearing Motion to Suppress Evidence and Request for Evidentiary Hearing [Second]" (filing 183, April 23, 2009); "Brief in Support of Defendant's Motion for Re-hearing Motion to Suppress Evidence and Request for Evidentiary Hearing [Third]" (filing 184, April 23, 2009); "Request for Appointment of Counsel" (filing 190, May 27, 2009); "Motion for Psychiatric Examination Under 18-4242" (filing 191, May 27, 2009); "Request for Letters" (filing 192, May 21, 2009); and "Objection to the Government Petition for Summary Judgment" (filing 193, June 4, 2009). On June 16, 2009, I granted the defendant's motion for an appointment of counsel, granted his request for letters, unsealed a portion of his motion for a psychiatric examination, and invited the government to respond to the defendant's motion for a psychiatric examination. (Filing 194.)

On August 26, 2009, I noted that the defendant's motion for a psychiatric examination was unopposed by the government, and I called for the defendant's counsel to submit a proposed order granting the motion and specifying certain details about the requested examination. (See filing 199.) On September 14, 2009, defense counsel filed a motion to conduct discovery and to extend the deadline for submitting the proposed order. (Filing 201.) This motion was granted. (Filing 203.)

On January 14, 2010, defense counsel filed a status report stating that discovery had been completed, that counsel was attempting to communicate with the defendant about "how he wished to proceed with his case," and that it was unclear whether the defendant continued to desire a psychiatric evaluation. (Filing 204.)

I met with counsel in my chambers on July 19, 2010, to discuss the defendant's motion for a psychiatric evaluation (see filing 206), and in the wake of that meeting I entered an order outlining a procedure "to move that motion to completion," (filing 207 at 1). On September 8, 2010, defense counsel moved to withdraw the defendant's motion for a psychiatric evaluation and requested that I "issue an Order of case progression for the Defendant's remaining issues in his petition for habeas corpus relief." (Filing 210.) I granted the defendant's motion to withdraw on September 21, 2010. (Filing 211.)

I turn now to the question of how I ought to proceed to resolve the remaining issues in this case. First, it seems to me that defense counsel ought to have an opportunity to refine the issues that were raised in the defendant's pro se filings–including those that followed the government's motion for summary judgment. This may take the form of an amended § 2255 motion–if defense counsel deems that to be suitable–and counsel may add to or cull from the claims set forth in the pro se filings. Defense counsel should also have an opportunity to respond to the government's motion for summary judgment. The government, in turn, should have an opportunity to review any filings, amendments, or responses made by defense counsel and file a suitable reply (which may take the form of an amended answer, an amended motion for summary judgment, a brief, etc.). I will then use the documents filed by counsel to determine whether an evidentiary hearing is warranted.

**IT IS ORDERED** that the defendant, through counsel, shall file on or before November 1, 2010, an amended § 2255 motion (or some other document itemizing the issues that remain to be

resolved in this case) and a response to the government's motion for summary judgment. The government shall file a reply within thirty days of the date of the filing of the defendant's documents.

Dated September 23, 2010.

BY THE COURT

s/ Warren K. Urbom
United States Senior District Judge