IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 4:06CR3016 |
| ) | |
| Plaintiff, ) | MEMORANDUM AND ORDER ON |
| ) | DEFENDANT'S MOTION UNDER 28 |
| v. ) | U.S.C. § 2255 TO VACATE, SET ASIDE |
| ) | OR CORRECT SENTENCE AND OTHER |
| ARMANDO GARCIA-DELACRUZ, ) | PENDING MOTIONS |
| ) | |
| Defendants. ) | |
| ) | |

On March 14, 2011, the defendant, Armando Garcia-Delacruz,[1] filed an "Amended Motion for 28 U.S.C.A. § 2255 Relief." (ECF No. 228.) My analysis of the defendant's motion, along with other documents that appear as "pending motions" on the docket sheet, (see ECF Nos. 169, 175, 178, 193), is set forth below.

## I. BACKGROUND

An indictment filed on January 20, 2006, charged the defendant and Marco M. Pruneda with conspiring to distribute and to possess with the intent to distribute 500 grams or more "of a mixture or substance containing a detectable amount of methamphetamine," in violation of 18 U.S.C. § 2, 21 U.S.C. § 841, and 21 U.S.C. § 846. (ECF No. 1.) A warrant for the defendant's arrest issued on January 23, 2006, and the warrant was executed on January 25, 2006. (E.g., ECF No. 7.) On January 27, 2006, Michael Nelson was appointed to represent the defendant, and the defendant entered a plea of not guilty. (ECF Nos. 4-5.)

On August 23, 2006, a superseding indictment was filed against both the defendant and Pruneda. (ECF No. 32.) In addition to the charge set forth in the original indictment (now labeled Count I), the superseding indictment included a second count charging both men with possessing,

---

[1] The defendant's name is spelled "Garcia de la Cruz" and "Garcia De La Cruz" elsewhere in the record. (See, e.g., Mot. at 1, ECF No. 169; Am. Mot. at 1, ECF No. 228.) In this memorandum I shall use the spelling that appears on the docket sheet.

using, and carrying firearms–including a short-barreled shotgun–in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 2 and 924(c). (ECF No. 32.)[2] On September 5, 2006, the defendant pleaded not guilty to both counts. (ECF No. 38.)

On September 14, 2006, the defendant, through Mr. Nelson, filed a motion to suppress "all evidence derived from the search of Defendant's residence" on or about January 25, 2006, "and any statements made by Defendant" following the search. (ECF No. 39.)[3] A hearing on this motion was held on October 3, 2006, before United States Magistrate Judge David L. Piester. (ECF No. 54.) During the hearing, Investigator Glenn Kemp of the Adams County Sheriff's Office testified that on January 24, 2006, he began drafting an affidavit in support of a warrant to search the defendant's home in Hastings, Nebraska. (Hr'g Tr. at 9, 11-13, ECF No. 64.)[4] He completed drafting the affidavit on January 25, 2006. (Id. at 13.) Investigator Kemp and other officers planned to wait until the search warrant was signed and then execute both the arrest and search warrants at the same time. (Id. at 15-16.) However, after an officer who had the defendant's home under surveillance reported that the defendant was outside the home and that other people were arriving at the home, Kemp advised his team that they would "move immediately and make the arrest and secure the location until the search warrant had been signed or denied." (Id. at 17-18.)

Deputy Brad Consbruck of the Adams County Sheriff's Office also testified at the hearing. (Hr'g Tr. at 39.) Consbruck was a member of the team assigned to serve the arrest warrant upon the defendant. (Id. at 40.) He testified that as the officers neared the residence, they saw two men–including one who matched the description of the defendant–enter the home. (Id. at 43.) The officers arrived at the open back door (which the two men had used to enter the home), and from this

---

[2] The superseding indictment also amended the dates of the conspiracy alleged in Count I. (See ECF No. 32.)

[3] On the same day, Mr. Nelson filed a "Motion for Appointment of Alternative Counsel," stating that the defendant "wishes to be appointed a new attorney under the Criminal Justice Act." (ECF No. 41.) This motion was denied. (ECF No. 42.) Acting pro se, the defendant filed another motion for new counsel on October 23, 2006, (ECF No. 58), but this motion too was denied, (ECF No. 62).

[4] As I noted above, a warrant for the defendant's arrest had already issued. (Id. at 12; see also ECF No. 7.)

position the officers could see down into the basement of the home. (Id. at 43-44.) In the basement they saw the two men looking up at them, and Deputy Consbruck recognized one of the men as the defendant. (Id. at 4.-454.) The officers then entered the basement and arrested both men. (Id. at 45.) After the men were handcuffed, Deputy Consbruck performed a protective sweep of the basement. (Id. at 46.) During this sweep, he spotted a number of firearms and some drug paraphernalia. (Id. at 48.)

Gerald D. Bell, a special agent of the Federal Bureau of Investigation, then testified that he helped to complete the application for the search warrant for the defendant's home. (Hr'g Tr. at 64-65.) While he was working on the affidavit supporting the application, he was informed by Investigator Kemp that the defendant had been arrested and that certain items had been seen during the arrest. (Id. at 65-66.) This information was then added to the affidavit. (Id. at 67.) The search warrant issued, and it was executed within a few hours of the defendant's arrest. (Id. at 23, 68.)

The defendant did not testify during the hearing on his motion to suppress. (See, e.g., Witness List, ECF No. 56.)

On November 1, 2006, Judge Piester recommended that the defendant's motion to suppress be denied. (ECF No. 63.) On December 7, 2006, I overruled the defendant's objections to the magistrate judge's recommendation and denied the motion. (ECF No. 69.)

The case proceeded to trial, (see, e.g., ECF Nos. 82-91), and the defendant chose not to testify, (see Witness List, ECF No. 90; Trial Tr. Vol. V at 850, ECF No. 134). On February 14, 2007, the jury found the defendant guilty on both counts. (Verdict, ECF No. 92.) On May 29, 2007, I sentenced the defendant to 160 months of imprisonment on Count I and to 120 months of imprisonment on Count II, with the terms of imprisonment to run consecutively. (See ECF No. 108; Judgment at 2, ECF No. 119.)

The defendant appealed both his conviction and sentence. (See Notice of Appeal at 2, ECF No. 109.) On appeal, the defendant (through Mr. Nelson) argued that his motion to suppress should have been granted, that the evidence was insufficient to support his conviction, that he was unfairly prejudiced by certain evidence, and that his sentence was not reasonable. See United States v. Pruneda, 518 F.3d 597, 601 (8th Cir. 2008). In an opinion filed on February 8, 2008, the Eighth

Circuit affirmed the judgment against the defendant. (See, e.g., Copy of Opinion, ECF No. 148.) See also United States v. Pruneda, 518 F.3d 597 (8th Cir. 2008).

On February 11, 2009, the defendant, acting pro se, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 169.) On March 30, 2009, the government filed an answer to the defendant's motion, (ECF No. 174), and a motion for summary judgment (ECF No. 175). Thereafter, the defendant filed a number of documents, including one entitled "Stipulation No. 4," (ECF No. 178, filed on April 23, 2009), and one entitled "Objection to the Government Petition for Summary Judgment," (ECF No. 193, filed on June 4, 2009). These two documents are designated as pending motions on the court's electronic case management system.

The defendant also filed a "Request for Appointment of Counsel" on May 27, 2009. (ECF No. 190.) I granted the defendant's request for counsel on June 16, 2009, (ECF No. 194), and Ms. Jessica L. Milburn has been appointed to represent him.

On September 23, 2010, I entered a Scheduling Order directing the defendant to file, through counsel, an amended § 2255 motion and a response to the government's motion for summary judgment. (ECF No. 212.) The defendant made an effort to replace his counsel, (see, e.g., ECF No. 215), but following this the defendant (through Ms. Milburn) did file an amended § 2255 motion and a response to the government's summary judgment motion. (ECF Nos. 228-229). The government has filed an answer and a brief in response to the amended motion. (ECF Nos. 232-234.)

## II. STANDARD OF REVIEW

Section 2255(a) states, "A prisoner in custody . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence." "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996) (citation omitted). "A movant may not raise constitutional issues for the first time on collateral review

without establishing both cause for the procedural default and actual prejudice resulting from the error." Id. (citations omitted).

"A § 2255 movant is entitled to an evidentiary hearing unless 'the motion and the files and records of the case conclusively show that [he] is entitled to no relief.'" Sinisterra v. United States, 600 F.3d 900, 906 (8th Cir. 2010) (quoting 28 U.S.C. § 2255(b)). "No hearing is required where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." Id. (quoting Watson v. United States, 493 F.3d 960, 963 (8th Cir. 2007)). See also Tinajero-Ortiz v. United States, 635 F.3d 1100, 1105 (8th Cir. 2011) ("A § 2255 motion can be dismissed without a hearing if '(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" (quoting Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003)).

### III.   ANALYSIS

Before I analyze the defendant's amended § 2255 motion, I must briefly address three preliminary matters. First, I find that the defendant's original § 2255 motion (ECF No. 169) has been superceded by his amended motion (ECF No. 228). The original motion will therefore be denied as moot–though I shall consider the portions of that motion (and other documents) that the defendant has incorporated into his amended motion. (See, e.g., Am. Mot. at 1-5, ECF No. 228.)

Second, and as I noted previously, the documents entitled "Stipulation No. 4" (ECF No. 178) and "Objection to the Government Petition for Summary Judgment" (ECF No. 193) are listed as "pending motions" on the docket sheet. I see no reason why these documents should be so listed; in any event, to the extent that these documents are motions, I deem them to be superceded by the defendant's amended § 2255 motion, and they will be denied as moot. To the extent that they have been incorporated into the amended motion, they will be considered. (See, e.g., Am. Mot. at 1, ECF No. 228; Objection at CM/ECF Page No. 33, "Stipulation No. 3," ECF No. 193.)

Third, and finally, the government now "requests that, rather than entering a summary judgment, the Court find [that] a hearing is unnecessary in the present case because 'the motion and the files and records of [this] case conclusively show that [the defendant] is entitled to no relief.'"

(Pl.'s Br. at 5, ECF No. 233 (quoting 28 U.S.C. § 2255(b)).) See also United States v. Vega-Toscano, No. 4:07cr3023, 2010 WL 2516464, at *3 (D. Neb. June 14, 2010). In light of this request, the government's motion for summary judgment (ECF No. 175) will be denied, and I shall now proceed to determine whether the defendant is entitled to an evidentiary hearing on his amended § 2255 motion.

The defendant's amended § 2255 motion includes two grounds for relief. First, the defendant alleges that he "was denied the effective assistance of counsel pursuant to the Sixth Amendment to the United States Constitution because trial counsel refused to allow the defendant to testify at his suppression hearing, as is his right pursuant to the Fifth Amendment to the United States Constitution." (Am. Mot. at 1, ECF No. 228.) Second, he alleges that he "was denied the effective assistance of counsel in violation of his Sixth Amendment rights . . . because his trial counsel refused to subpoena witnesses to testify at his suppression hearing," and thereby deprived the defendant "of his Sixth Amendment Right to Compulsory Process. (Id. at 4.)

"Absent unusual circumstances, a showing of ineffective assistance of counsel satisfies both cause [for failing to raise a constitutional issue on direct appeal] and prejudice." United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). "To establish his claim of ineffective assistance of counsel, [the defendant] must prove that his attorney['s] performance was deficient and that the deficient performance prejudiced his defense." Sinisterra v. United States, 600 F.3d 900, 906 (8th Cir. 2010) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). In order to establish that counsel's performance was deficient, the defendant must show that, when all of the circumstances are considered, and when counsel's performance is viewed objectively "in light of professional norms prevailing when the representation took place," his performance fell "below the range of competence demanded of attorneys in criminal cases." Id. (citations and internal quotation marks omitted). See also Apfel, 97 F.3d at 1076 (quoting Cheek v. United States, 858 F.2d 1330, 1336 (8th Cir. 1988)) ("The first part of the test is met when the defendant shows that counsel 'failed to exercise the customary skills and diligence that a reasonably competent attorney would [have] exhibit[ed] under similar circumstances.'"). To establish prejudice, the defendant must show "that there is a reasonable probability that the result of the proceedings would have been different if his lawyer had performed competently." King v. United States, 595 F.3d 844, 852 (8th Cir. 2010). The

court is not required to address both the "deficient performance" and "prejudice" prongs "if the movant makes an insufficient showing on one of the prongs." Engelen v. United States, 68 F.3d 238, 241 (8th Cir. 1995). See also Apfel, 97 F.3d at 1076 ("Because the failure to establish prejudice can be dispositive of a case, we need not address the reasonableness of the attorney's behavior if the movant cannot prove prejudice." (citations omitted)).

After carefully considering the defendant's amended motion and the government's response, I find that the defendant cannot establish the "prejudice" component of either of his claims. Because the defendant's allegations, accepted as true, do not entitle him to relief, there need not be a hearing, and the defendant's motion must be denied.

## A.

The defendant argues first that he was denied the effective assistance of counsel because his trial attorney "refused to allow the defendant to testify at his suppression hearing." (Am. Mot. at 1, ECF No. 228.) In support of this claim, the defendant alleges that his trial counsel told him "that he had no right to testify in order to impeach the law enforcement witnesses regarding their entry into his house," but that he could "adduce evidence during an appeal, after his conviction." (Am Mot. at 2, ECF No. 228.) The defendant states that if he had been allowed to testify, he would have explained that it was unnecessary for the law enforcement officers to enter his home to arrest him because "he was outside his residence for most of the day where officers would have been able to see him." (Id. at 1-2.) He concedes, however, that he was in his basement at the time of his arrest. (Id. at 2.) He also would have testified that, contrary to Deputy Consbruck's testimony, the defendant's back door was not open, and the officers broke down the door to gain entry to his home. (Id.; see also ECF No. 169-2 at page 33.) In addition, he would have challenged the officers' claim that the defendant ran to his basement door when the officers arrived. (Am. Mot. at 2, ECF No. 228.) Indeed, the defendant claims that he suffers from a spinal injury that has rendered him unable to run, and he points out that his testimony about this injury "would have contradicted statements alleged in the affidavit for the application for a search warrant." (Id.)

Even if I assume that the defendant's allegations are true,[5] the defendant has failed to show that there is a reasonable probability that the result of the proceeding would have been different had he been allowed to testify as outlined above. He does not claim that his motion to suppress would likely have been granted based on his testimony; nor does he claim that there is a reasonable chance that his testimony would have led to an acquittal or a reduced sentence. (See generally Am. Mot., ECF No. 228.) Because he has not argued–much less shown–that he was prejudiced by his failure to testify at the hearing, his claim must be dismissed.[6]

Rather than claiming that he was prejudiced by his failure to testify, the defendant argues that he was prejudiced because he "would not have decided to go to trial if he was advised by his trial counsel that he would not be able to provide his testimony in an appeal after his conviction." (Am. Mot. at 2-3, ECF No. 228.) He submits that if he had been properly advised, he "would have accepted a plea offer that was beneficial to him, and his sentence would be lower." (Id. at 3.) In support of this claim, the defendant refers me to page 41 of the materials accompanying his original § 2255 motion, wherein he states, "I am not asking for a re-trial because I am guilty of the conspiracy

---

[5] I note in passing that Mr. Nelson denies advising the defendant that evidence could be presented during an appeal. (Nelson Aff. ¶ 6, ECF No. 234-1.) Mr. Nelson also states that he told Mr. Garcia-Delacruz that "he could testify [at the suppression hearing] against [counsel's] advice[,] but [the defendant] chose to leave it to [his attorney's] judgment." (Id. ¶ 5.)

[6] It merits mention that the Eighth Circuit held that "the inevitable discovery exception to the exclusionary rule validated the admission of the evidence" obtained from the defendant's basement because there was "a reasonable probability that law enforcement would have obtained a search warrant" based on the information that the officers lawfully obtained prior to the defendant's arrest. United States v. Pruneda, 518 F.3d 597, 604 (8th Cir. 2008). I agree with the government's observation that the defendant's proposed testimony only addresses the circumstances surrounding his arrest; it does not undermine the operation of the "inevitable discovery" or "independent source" doctrine in this case. (See Pl.'s Br. at 8-9, ECF No. 233.) See also Pruneda, 518 F.3d at 604; United States v. Garcia-Delacruz, No. 4:06cr3016, 2006 WL 3538948, at *4 (Dec. 7, 2006) ("It is clear that the officer's decision to seek the search warrant was independent of the [Special Response Team's] entry of the basement and that the search warrant affidavit would be sufficient to support the issuance of a valid warrant even if Deputy Consbruck's observations were deleted from it."). Thus, the defendant cannot show that he was prejudiced by his failure to testify.

charge. I want to ask the attorney for the government to honor his first offer of ten years for my guilty plea." (ECF No. 169-2 at page 41.)

As noted above, "[t]o establish prejudice, . . . the movant must show that, but for his counsel's advice, he would have accepted the plea [agreement.]" Engelen v. United States, 68 F.3d 238, 241 (8th Cir. 1995). See also Moses v. United States, No. 97-3938, 1999 WL 195675, at *1 (8th Cir. April 2, 1999). Moreover, to establish the need for an evidentiary hearing, the defendant "must present some credible, non-conclusory evidence that he would have pled guilty had he been properly advised." Engelen, 68 F.3d at 241. The Eighth Circuit has held that a movant's own self-serving statements that he would have accepted a plea agreement are not, standing alone, "the sort of objective evidence required" to trigger the right to a hearing. See Moses, 1999 WL 195675, at *1.

In this case, there is no objective evidence that a plea agreement was ever offered to the defendant. On the contrary, Mr. Nelson states that he never received an offer of a plea agreement from the government; that he would not expect the government to make an offer to Mr. Garcia-Delacruz directly; and that Mr. Garcia-Delacruz never mentioned "any offer that the government made directly to him." (Nelson Aff. ¶ 3, ECF No. 234-1.) There is also no objective evidence that the defendant was willing to admit his guilt prior to the filing of his pro se § 2255 motion.[7] "A defendant who maintains his innocence at all the stages of his criminal prosecution and shows no indication that he would be willing to admit his guilt undermines his later § 2255 claim that he would have pleaded guilty if only he had received better advice from his lawyer." Sanders v. United States, 341 F.3d 720, 723 (8th Cir. 2003).

In summary, the defendant's claim is supported only by the defendant's own self-serving statement that he would have accepted a plea agreement had he been properly advised by counsel,

---

[7] Mr. Nelson states, "There were plea negotiations which were started; however, those negotiations never really got off the ground. Mr. Garcia-[Delacruz] demanded that the United States Attorney, during proffer interviews, commit to how many years he would serve if he answered questions during the interviews. Beyond that, there were no plea offers made by the United States and it was clear to me that Mr. Garcia-[Delacruz] would not plead guilty to anything which the government would offer and, in fact, he demanded that we proceed to trial despite any advice I gave him." (Nelson Aff. ¶ 3.)

9

and this self-serving statement is at odds with the record. Under the circumstances, I find that the defendant is not entitled to an evidentiary hearing, and his claim must be denied.

### B.

The defendant also argues that he was denied the effective assistance of counsel "because his trial counsel refused to subpoena witnesses to testify at [the defendant's] suppression hearing." (Am. Mot. at 4, ECF No. 228.) Specifically, he argues that trial counsel refused to subpoena the following witnesses:

1. State Trooper Jeff Shelton. The defendant alleges that Shelton authored the search warrant affidavit and wrote in this affidavit that Mr. Garcia-Delacruz "fled into his home when law enforcement arrived to execute the arrest warrant." (Am. Mot. at 4, ECF No. 228.) The defendant states that he wished to "present evidence and question the trooper regarding the facts alleged in the search warrant affidavit."

2. Benito Moreno. The defendant alleges that Moreno was present during the defendant's arrest and "would have corroborated Mr. [Garcia-Delacruz's] testimony that the basement door at the defendant's residence was closed and was broken down to gain entrance into the residence by law enforcement." (Am. Mot. at 4-5, ECF No. 228.) The defendant says Moreno also would have contradicted other officers' statements about the arrangement of the defendant's basement, the persons present in the basement, and the defendant's ability to run. (See ECF No. 169-2 at 136.)

3. Maria Recendis de Garcia. The defendant claims that his wife, Ms. Recendis de Garcia, would have corroborated his "testimony about the events of January 25, 2006, during the execution of the arrest warrant." (Am. Mot. at 5, ECF No. 228.) She also would have contradicted the statements of Shelton and the testimony of Consbruck and Kemp. (See ECF No. 169-2 at 131-132.)

The defendant claims that he "decided to go to trial because his trial counsel told him he would be able to challenge the credibility of the witnesses at the suppression hearing during an appeal after his conviction," and he "would not have proceeded to trial and would have instead accepted a favorable plea offer were it not for the unprofessional advice he received from his trial counsel." (Am. Mot. at 5, ECF No. 228.) In other words, the defendant does not argue that the

outcome of his motion to suppress would likely have been different had these witnesses been called; instead, he claims that he was prejudiced because his counsel's advice caused him to reject a plea agreement. For the reasons discussed above in Part III.A., I find that no evidentiary hearing is necessary, and the defendant's claim must be denied.

**IT IS ORDERED** that:

1. the defendant's original motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 169), "Stipulation No. 4" (ECF No. 178), and "Objection to the Government Petition for Summary Judgment" (ECF No. 193) are denied as moot;

2. the government's motion for summary judgment (ECF No. 175) is denied;

3. the defendant's amended § 2255 motion (ECF No. 228) is denied; and

4. a certificate of appealability is denied, as none of the issues in this case satisfy the showing required by 28 U.S.C. § 2253(c)(2).[8]

Dated August 22, 2011.

BY THE COURT

s/ Warren K. Urbom
United States Senior District Judge

---

[8] See Rule 11 Governing Section 2255 Proceedings For the United States District Courts. The defendant may seek a certificate from the Eighth Circuit Court of Appeals as provided in Federal Rule of Appellate Procedure 22.